Chief Justice R biri son
delivered the opinion of the Court.
Under a fieri facias issued in favor of Robert Carlile against John Carlile, for about $1325, a tract of land, containing nearly 1000 acres and valued at $25 an acre, was sold by the sheriff of *625 Campbell county, and was purchased by the said John Carlile, “for the amount of the execution.”
Where sheriff on the sale of of nounced'to the bidders fhat a greater dm-Tn virtue of the execually was"d'ue bj it, an < the land is sold “for the amount of the the aai<?° will be quashed, °ne ..eari* ,nw quash such a sale.
*625 In November, 1830, the circuit court, at the instance of John Carlile, and upon a notice served on Robert Carlile, quashed the sale of the land, because the court was of the opinion that the whole tract had been sold for about $1330, which exceeded the Whole amount actually due on the execution.
This writ of error is prosecuted to reverse the order quashing the sale.
It appears that as much as $1330 was not due on the execution at the time of the sale; and it also appeared, (From the testimony of the sheriff who sold the land, and of Win. K. Wall, who bought it as the plaintiff’s agent,) that, from a calculation made by them, immediately before the sale, they supposed that the whole amount due upon the execution was, at that time, at least $1330, and that the sheriff, when he commenced the sale, announced that sum as the amount of the execution. And, consequently, the proof was sufficient to show that the land was sold for $1330; when, in fact, the true amount of the execution did not equal that sum. And therefore, as a less quantity than the entire tract might have been sufficient to satisfy the execution, the sale was illegal.
The circuit court, supposing that the testimony of Wall and the sheriff was irrelevant, excluded it. But, although the order quashing the sale could not be sustained without that evidence, nevertheless, as we are clearly of the opinion that the excluded testimony was legal, we shall not disturb the order of the circuit court, unless, as the plaintiff’s counsel contends, the motion was barred by time.
We know of no statute limiting this motion to one year succeeding the sale.
The statute of 1811, I Dig. 516, does not apply to such a case as this. That statute prescribes a liniitation of .one year to motions to quash sales of land under execution for three causes only; that is, for fraud in the sale, or fora failure to sell “on some notorious and public part” of the tract, or for sel *626 ling either before 11 o’clock, A. M. or after 3 o’clock, P. M. Fraud is not imputed in this case; nor is there any objection to the time or place of sale. There may be other causes than any of those mentioned in the act of 1811, which may be sufficient to authorize the quashal of sales of land; and to motions for quashal for any of those other causes, the statute cannot be applied. Such motions should be made in reasonable time; and perhaps there may be analogies which might designate a certain limitation to them. But, in any event, they are not limited to one year. Therefore, the motion in this case was not barred by lapse of time.
•Statute of 1811, limiting motions to quash sales ofland, does not embrace a motion to quash a sale of land for such a oause .as is made out in this case.
Wicklijfe and Wooley, for plaintiff; Hag gin, More-, head and Broum, for defendant.
If (as supposed by the plaintiff’s counsel) the circuit court had quashed the levy and sheriff’s return, as well as the sale, there would have been error. But the order itself, as exhibited in the record, shows that the sale alone was quashed.
Wherefore, perceiving no error in the order of the circuit court, it is affirmed with costs.